# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM D. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DALE A. DROZD,<br><br>　　　　Defendant. | Case No. 1:17-cv-01707-LJO-EPG<br><br>**ORDER DISMISSING COMPLAINT AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF Nos. 1, 3) |

Plaintiff Ahkeem D. Williams, appearing *pro se*, filed the complaint commencing this action on December 19, 2017. (ECF No. 1.) Plaintiff names United States District Judge Dale A. Drozd as the sole defendant, and alleges that Judge Drozd dismissed a prior case against United States Magistrate Judge Michael J. Seng in violation of the Fifth and Sixth Amendments. Plaintiff has also filed a motion to proceed *in forma pauperis*. (ECF No. 3.)

The prior case to which Plaintiff refers is *Williams v. Leng*, Case No. 1:17-cv-01256-DAD-SKO.[1] A review of the docket in that case reveals that on September 19, 2017, Plaintiff commenced an action against Judge Seng, alleging that the Judge violated his due process rights by dismissing claims in another case, *Williams v. Jurdon*, Case No. 1:17-cv-00860-LJO-MJS. Judge Seng issued findings and recommendations in that case on September 11, 2017,

---

[1] A court may take judicial notice of its own files and records. Fed. R. Evid. 201; *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015).

recommending that the case be dismissed without leave to amend. Plaintiff filed objections on September 19, 2017. The assigned district judge has not adopted the findings and recommendations.

The Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). As more fully explained below, the Court will dismiss this action because the named defendant is entitled to judicial immunity,

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342

(9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S CLAIMS

Plaintiff alleges that in the order dismissing *Williams v. Leng*, Judge Drozd reasoned that Plaintiff is attempting to state a claim against Judge Seng solely based on the Judge's issuance of findings and recommendations. Plaintiff contends this this is a lie. Plaintiff asserts that the lawsuit is about Judge Seng's failure to uphold the law and his saying that Plaintiff said one thing that he did not say. Plaintiff further alleges that if Judge Drozd looked over the transcript of *Williams v. Jurdon*, he would see that Judge Seng lied. Plaintiff contends that Judge Drozd has deprived him of access to the court, and that Plaintiff will go to D.C. to prove that this regional court is corrupt as there is no justice for the black male.

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). Plaintiff's allegations in this action are based solely on acts done by Judge Drozd in the exercise of his function as a Judge. Thus, Plaintiff's claim is barred by judicial immunity.

This deficiency is not capable of being cured through amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Therefore, this case will be dismissed with prejudice and without leave to amend. Plaintiff's motion to proceed *in forma pauperis* is denied as having been rendered moot by this order. (ECF No. 3.)

## III. CONCLUSION AND ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's complaint is dismissed without leave to amend and prejudice for failure to state a cognizable claim;

3

2. Plaintiff's motion to proceed in forma pauperis, (ECF No. 3), is denied as having been rendered moot by this order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 4, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE